UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EILEEN EAMES**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>**MARIO'S EXPRESS SERVICE, INC. d/b/a MX LOGISTICS, INC.,** and **MARIO PEREIRA**, an Individual, **LEE PEREIRA**, an individual, and **LUIS PERRERA**, an Individual,<br><br>Defendants. | Civil Action No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff Eileen Eames ("plaintiff") individually and on behalf of all others similarly situated, through their undersigned attorneys, for their Collective and Class Action Complaint against defendants Mario's Express Service, Inc. d/b/a MX Logistics ("MX"), Mario Pereira, Lee Pereira, and Luis Pereira (collectively the "defendants") alleges upon actual knowledge as to herself and, as to all other matters, alleges upon information and belief, as follows:

## NATURE OF ACTION

1. Plaintiff brings this action pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law ("NJWPL") N.J.S.A. § 34:11-4.1, *et seq*. for defendants' failure to pay their employees the full amount of wages due. Plaintiff seeks damages on her own behalf and on behalf of all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendants reside in and/or conduct or conducted business in this district and because the events or omissions giving rise to the claim set forth herein occurred in Middlesex County, New Jersey.

4. Plaintiff's state law claims are interposed in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367(a).

5. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff**

6. Plaintiff Eileen Eames is a resident of Middlesex County, New Jersey.

7. Plaintiff was employed by defendants at their location at 45 Fernwood Avenue, Edison, New Jersey, 08837, as a Logistics Coordinator for about seven years, from in or about November 2010, to September 1, 2017.

8. At all relevant times, plaintiff and those similarly situated had an employment relationship with, were suffered and permitted to work by, and were employees of, defendants within the meaning of the FLSA, NJWHL, and NJWPL.

9. At all relevant times, plaintiff and those similarly situated, handled and sold goods that have been moved in, or produced for, commerce.

10. Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). Her written consent is attached.

**Defendants**

11. Mario's Express Service, Inc. is a New Jersey corporation that owns and does business as MX Logistics. Mario's Express Service Inc. and MX Logistics are therefore one and the same company, hereinafter referred to as "MX."

12. MX, a New Jersey corporation, has been at all relevant times a logistics services company located at 45 Fernwood Avenue, Edison, New Jersey, 08837.

13. MX has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

14. MX has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

15. MX has had at all relevant times an annual gross revenue in excess of $500,000.

16. Defendant Mario Pereira is an owner and officer of MX.

17. Defendant Lee Pereira is an owner and officer of MX.

18. Defendant Luis Pereira is an owner and officer of MX.

19. Mario Pereira acted directly or indirectly in the interest of MX.

20. Lee Pereira acted directly or indirectly in the interest of MX.

21. Luis Pereira acted directly or indirectly in the interest of MX.

22. Mario Pereira suffered or permitted plaintiff and all others similarly situated to work.

23. Lee Pereira suffered or permitted plaintiff and all others similarly situated to work.

24. Luis Pereira suffered or permitted plaintiff and all others similarly situated to work.

25. Defendant Mario Pereira has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

26. Defendant Lee Pereira has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

27. Defendant Luis Pereira has been at all relevant times an employer within the meaning of the FLSA, NJWHL, and NJWPL.

28. Mario Pereira was the employer of plaintiff and those similarly situated under the FLSA, NJWHL, and NJWPL because, at all relevant times, Mario Pereira exercised sufficient operational control and policy-making authority over MX's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring and firing of employees, directing the manner in which manner in which employees performed their daily duties and assignments, creating and enforcing the method by which the employees' wages were computed, and establishing and implementing the pay practices and work and scheduling policies, and maintaining payroll and employee records.

29. Lee Pereira was the employer of plaintiff and those similarly situated under the FLSA, NJWHL, and NJWPL because, at all relevant times, Lee Pereira exercised sufficient operational control and policy-making authority over MX's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring and firing of employees, directing the manner in which manner in which employees performed their daily duties and assignments, creating and enforcing the method by which the employees' wages were computed, and establishing and implementing the pay practices and work and scheduling policies, and maintaining payroll and employee records.

30. Luis Pereira was the employer of plaintiff and those similarly situated under the FLSA, NJWHL, and NJWPL because, at all relevant times, Luis Pereira exercised sufficient operational control and policy-making authority over MX's operations and personnel decisions, including establishing the employees' terms and conditions of employment, hiring and firing of employees, directing the manner in which manner in which employees performed their daily duties and assignments, creating and enforcing the method by which the employees' wages were computed, and establishing and implementing the pay practices and work and scheduling policies, and maintaining payroll and employee records.

31. Mario Pereira, Lee Pereira, and Luis Pereira exercise sufficient control over Plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employers under the FLSA, NJWHL, and NJWPL.

32. Mario Pereira is sued individually in his capacity as President, principal, managing member, and owner of MX.

33. Lee Pereira is sued individually in his capacity as capacity as a Vice President, principal, managing member, and owner of MX.

34. Luis Pereira is sued individually in his capacity as a Vice President, principal, managing member, and owner of MX.

35. Mario Pereira is personally and jointly and severally liable for the violations of the FLSA, NJWHL, and NJWPL by MX.

36. Lee Pereira is personally and jointly and severally liable for the violations of the FLSA, NJWHL, and NJWPL by MX.

37. Luis Pereira is personally and jointly and severally liable for the violations of the FLSA, NJWHL, and NJWPL by MX.

## COLLECTIVE ALLEGATIONS

38. Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of herself and other similarly situated people, which shall include:

> All persons who work or worked as non-management office workers including logistics coordinators, customer care representatives, and dispatchers for the defendants MX, Mario Pereira, Lee Pereira, and Luis Pereira in Edison, New Jersey at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

39. Defendants are liable under the FLSA for, *inter alia*, failing to pay plaintiff for compensable rest periods and for overtime pay for time worked in excess of 40 hours in a workweek.

40. The FLSA Collective consists of approximately 20 similarly situated current and former employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay and other wages.

41. As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

42. This policy, pattern, or practice includes, *inter alia*:

   a. failing to pay overtime at the rate of one-and-one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek;

   b. failing to compensate the FLSA Collective at one-and-one-half times the regular hourly rate for rest periods of 20 minutes or less taken during hours worked in excess of 40 hours in a workweek; and

      c.    failing to compensate the FLSA Collective for 10 minutes per day at one-and-one-half times the regular hourly rate, when such 10 minutes was worked in excess of 40 hours in a workweek.

43.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

44.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and the NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

45.    Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

<b>NEW JERSEY CLASS ACTION ALLEGATIONS</b>

46.    Plaintiff brings the Second Claim as a class action pursuant N.J.S.A. § 34:11-56a25, which provides, "An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated," on behalf of a class, consisting of:

> All persons who work or worked as non-management office workers including logistics coordinators, customer care representatives, and dispatchers for the defendants MX, Mario Pereira, Lee Pereira, and Luis Pereira in Edison, New Jersey at any time two years prior to the filing of this action through the entry of judgment in this action (the "New Jersey Class").

47. The exact number of the New Jersey Class members is unknown to plaintiff at this time, and N.J.S.A. § 34:11-56a25 does not have a numerosity requirement.

48. The identity of the New Jersey Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain as a matter of state and federal law.

49. Plaintiff's claims are typical of the claims of the other members of the New Jersey Class as plaintiff and all other members of the New Jersey Class sustained damages arising out of defendants' conduct in violation of the NJWHL complained of herein. The New Jersey Class members work, or have worked, for the defendants as non-management logistics coordinators, customer care representatives, or dispatchers, and were not fully paid for rest periods and not paid all regular and/or overtime wages due by the defendants. They have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL.

50. Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Class and has retained counsel competent and experienced in complex class action litigation.

51. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Class.

52. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

53. Common questions of law and fact exist as to all members of the New Jersey Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Class are:

    a.    Whether the NJWHL and the supporting regulations were violated by defendants' acts as alleged herein;

    b.    Whether defendants failed to pay overtime wages to plaintiff and other New Jersey Class members for rest periods of 20 minutes or less;

    c.    Whether defendants failed to pay overtime wages to plaintiff and other New Jersey Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL; and

    d.    Whether plaintiff and the New Jersey Class have sustained damages and, if so, the proper measure of such damages.

54. Defendants have acted or have refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate relief with respect to the New Jersey Class as a whole.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and New Jersey Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

**FACTUAL ALLEGATIONS**

56. Defendants provide logistics services to businesses in New Jersey, New York, and Canada, including "pad wrap service, blanket wrap service, stage equipment transportation,

theatrical transportation, cross docking, New York City deliveries, Manhattan deliveries, lift gate service, special commodities, general commodities, warehousing, assembly, packaging, distribution, store fixtures transportation, display fixtures transportation, short term warehousing, air ride trailers, available loads, available trucks, less than truckload, LTL, TL, trade show exhibit transportation, local cartage, and cross docking."

57. Plaintiff and all others similarly situated are paid hourly, and are eligible for overtime pay under the FLSA and NJWHL.

58. Plaintiff and all others similarly situated are not supervisors or members of management.

59. Plaintiff and all others similarly situated do not supervise the work of employees of defendants.

60. Plaintiff and all others similarly situated do not oversee or direct any of defendants' work divisions or departments.

61. Plaintiff and all others similarly situated do not hire, fire, or discipline employees of defendants.

62. Each day, plaintiff and all others similarly situated clocked into and out of work on a computerized timecard system provided to MX by Automated Data Processing, Inc. ("ADP").

63. To clock in and out, an employee logs into their ADP account, then clicks the clock in/clock out button with their mouse. This creates a record of their work time down to the minute, a printed report of which can be produced for each pay period on a report called the "Timecard Detail Report."

64. At all relevant times, defendants deducted 60 minutes per day from the compensable working time of plaintiff and all others similarly situated, intended to represent a 30-minute meal break and two 10-minute rest periods per day during their 9-hour shift, which totals 50 minutes. The third 10-minute portion of the unpaid 60 minutes was not a rest period, and was merely unpaid time for work performed.

65. At all relevant times, pursuant to the practice described above, defendants unlawfully withheld pay from plaintiff and all others similarly situated for at least 10 minutes of compensable working time per day.

66. Employees' work shifts consisted of 9 hours, comprised as follows: 8 hours 10 minutes performing work, a 30-minute meal break (unpaid) and two 10-minute rest periods (unpaid). The FLSA and NJWHL provide that rest periods of 20 minutes or less are considered compensable working time, and the NJWPL requires payment for all compensable working time. Accordingly, the employees are due pay for the unpaid balance of each of the two daily 10-minute rest periods, plus the daily uncompensated 10 minutes of work time, for a total of 30 minutes of compensable time due each employee per workday.

67. In addition, the daily 30 minutes of compensable time was often for working time in excess of 40 hours in a workweek. Thus, it often constituted overtime rate within the meaning of the FLSA and NJWHL and should have been paid at a rate of time-and-one-half times the regular rate of pay.

68. Plaintiff and others similarly situated were and are nonexempt employees who were and are entitled to overtime pay.

69. Defendants failed to pay plaintiff and others similarly situated overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek.

70. Because defendants did not pay plaintiff and others similarly situated for their regular time and overtime hours, defendants did not provide them with all compensation owed to them.

71. Defendants paid plaintiff and others similarly situated semi-monthly by check.

72. Defendants failed to pay plaintiff New Jersey and federal overtime for each and every pay period she worked for defendants beginning in or about November 2010 to her last day on September 1, 2017. For example, these weekly pay periods in 2017 include pay periods ending on June 25, July 23, August 20, and September 3.

73. In each of the identified pay periods above, plaintiff worked in excess of 40 hours per workweek.

74. Defendants' unlawful conduct has been widespread, repeated and consistent.

75. Defendants' conduct was willful, in bad faith, and has caused significant damages to plaintiff, the FLSA Collective, and the New Jersey Class.

### FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act
### Unpaid Wages and Overtime Pay

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. At all relevant times, the plaintiff and the FLSA Collective were employed by defendants within the meaning of the FLSA.

78. Defendants were required to pay plaintiff and others similarly situated for the full the rest periods of 20 minutes or less, in accordance with 29 C.F.R. §785.18. *See also, Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420 (3d Cir. October 13, 2017)

79. Defendants failed to pay plaintiff and others similarly situated for the full rest periods of 20 minutes or less.

80. Defendants were required to properly pay plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

81. Defendants failed to pay plaintiff and the FLSA Collective in each and every pay period from 2015 to the present all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled in accordance with the FLSA, 29 U.S.C. §207.

82. Defendants' violation of the overtime requirements of the FLSA was part of their regular business practice and constituted a pattern, practice, and/or policy.

83. As a result of defendants' violations of the FLSA, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the FLSA in amounts to be determined, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and postjudgment interest, and reasonable attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §216(b).

84. Defendants' unlawful conduct, described above, was willful, intentional and lacked any good faith or reasonable basis. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that plaintiff and the FLSA Collective routinely worked in excess of forty hours per week.

85. Defendants' violations of the FLSA in this First Claim for Relief have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. §255(a).

## SECOND CLAIM FOR RELIEF
### New Jersey Wage and Hour Law
### Unpaid Wages and Overtime Pay

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. At all relevant times, the plaintiff and the New Jersey Class were employed by defendants within the meaning of the NJWHL.

88. Defendants were required to pay plaintiff and others similarly situated for the full rest periods of 20 minutes or less in accordance with 29 C.F.R. §785.18; the NJWHL (N.J.S.A. § 34:11-56a4); and N.J.A.C. 12:56-5.1. *See also*, Final Administrative Action of the Commissioner, *New Jersey Dept. of Labor v. Alcaro & Alcaro Plating Co., Inc.,* OAL DKT. No. LID 3630-14 (October 13, 2015).

89. Defendants failed to pay plaintiff and others similarly situated for the full rest periods of 20 minutes or less.

90. Defendants failed to pay plaintiff and others similarly situated for 10 minutes per day that was not a rest period, and was merely unpaid time for work performed.

91. Defendants were required to properly pay plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek pursuant to NJWHL § 34:11-56a4.

92. Defendants failed to pay plaintiff and the New Jersey Class in each and every pay period from 2016 to the present all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

93. Defendants' violation of the overtime requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

94. As a result of defendants' violations of the NJWHL, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NJWHL in amounts to be determined, and are entitled to recovery of such amounts, prejudgment and postjudgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

**THIRD CLAIM FOR RELIEF**
**New Jersey Wage Payment Law**
**Unpaid Wages**

95. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96. At all relevant times, plaintiff was employed by defendants within the meaning of the NJWPL.

97. Pursuant to the NJWPL, an employer must pay its employees the full amount of wages due. N.J.S.A. § 34:11-4.2; N.J.A.C. 12:55-2.4(j). The NJWPL has a statute of limitations of six years. *See, Meyers v. Heffernan*, 2014 U.S. Dist. LEXIS 92117 (D.N.J. 2014).

98. By failing to pay plaintiff for the full rest periods of 20 minutes or less, defendants violated the NJWPL and N.J.A.C.

99. Defendants failed to pay plaintiff in each and every pay period from 2012 to the present all wages due for each hour worked up to 40 hours in a workweek.

100. Defendants failed to pay plaintiff in each and every pay period from 2016 to the present for 10 minutes per day that was not a rest period, and was merely unpaid time for work performed.

101. Defendants' violation of the wage payment requirements of the NJWPL was part of their regular business practice and constituted a pattern, practice, and/or policy.

102. As a result of defendants' violations of the NJWPL, plaintiff has suffered damages by being denied pay for all of her hours worked and by being denied regular wages in accordance with the NJWPL in amounts to be determined, and she is entitled to recovery of such amounts, prejudgment and postjudgment interest, and reasonable attorneys' fees and costs pursuant to the NJWPL.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, the FLSA Collective and the New Jersey Class pray for the following relief:

A. An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B. Designation of the named plaintiff as representative of the FLSA Collective;

C. An order certifying the case as a class action pursuant N.J.S.A. § 34:11-56a25 as it pertains to the Second Claim for the class of employees described herein, certifying plaintiff as the Class Representative and designating plaintiff's counsel as Class Counsel;

D. Judgment for plaintiff and the FLSA Collective Action members for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as prejudgment and postjudgment interest;

E. Judgment for plaintiff and the New Jersey Class members for all statutory and compensatory damages under the NJWHL, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as prejudgment and postjudgment interest;

F. Judgment for plaintiff for all statutory and compensatory damages under the NJWPL, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as prejudgment and postjudgment interest;

G. An award to plaintiff and the FLSA Collective and New Jersey Class for their reasonable attorneys' fees, costs, and expenses as authorized by law;

H. An award to plaintiff for her reasonable attorneys' fees, costs, and expenses authorized by law with respect to the NJWPL;

I. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NJWHL, and NJWPL; and

J. Any and all other relief as authorized by the federal or state statutes, common law or equity which the Court deems appropriate under the circumstances.

                                      LAW OFFICES OF MITCHELL SCHLEY, LLC
                            By:   s/Mitchell Schley
                                      Mitchell Schley
                                      mschley@schleylaw.com
                                      197 Route 18 South
                                      South Tower, Suite 3000
                                      East Brunswick, NJ 08816
                                      Telephone: 732-325-0318
                                      *Attorneys for Plaintiff*

Dated: March 20, 2018